IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON JASON LENNON,<br>Plaintiff | : <br> : <br> : | CIVIL NO. 3:11-CV-1309 |
| | : | (Judge Munley) |
| v. | : <br> : | |
| SUPT. MR. LAWLER, et al.,<br>Defendants | : <br> : | |

## MEMORANDUM

On July 12, 2011, Aaron Jason Lennon ("Lennon"), an inmate presently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), filed this civil rights action (Doc. 1), naming a number of individuals employed at SCI-Huntingdon. Lennon seeks to proceed in forma pauperis. (Doc. 2). Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, Lennon will be afforded the opportunity to file an amended complaint.

I. **Allegations of the Complaint**

Lennon alleges that he was repeatedly incorrectly informed that he was without sufficient funds in his inmate account to make copies which prevented his "vital case" from reaching the State Correctional Institution at Camp Hill. (Doc. 1, at 3.) He filed the instant action seeking monetary compensation and seeks to have 10 percent of the monies he receives distributed to certain individuals and entities, including, *inter alia*, the President of the United States, the United States Treasury, and the Salvation Army, and "may" give eighty taxpayers a chance to win 10 percent of his victim fund. (Id.)

## II. Standards of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the

complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be

3

construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.2000).

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

In Bounds v. Smith, the Supreme Court recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). However, "<u>Bounds</u> did not create an abstract, freestanding right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996). The inmate must show that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." <u>Id.</u> at 351. <u>See</u> also <u>Reynolds v. Wagner</u>, 128 F.3d 166, 183 (3d Cir.1997) (no First Amendment right to subsidized mail). Specifically, a prisoner alleging a violation of his right of access must show that prison officials caused him past or imminent "actual injury." <u>See</u> <u>Lewis</u>, 518 U.S. at 348–55 and n. 3 (1996); <u>Oliver v. Fauver</u>, 118 F.3d 175, 177–78 (3d Cir.1997). Therefore, mere allegations of a denial of access to books or inadequate legal assistance are not enough. Moreover, the injury requirement is not satisfied by just any type of frustrated legal claim; the legal claim must relate to a direct or collateral challenge to a prisoner's sentence or of conditions of confinement. <u>Lewis</u>, 518 U.S. at 349 ("Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.")

In the matter *sub judice*, Lennon has not alleged sufficient facts under <u>Iqbal</u> and <u>Fowler</u> to proceed past *sua sponte* screening. He merely alleges that because he was incorrectly informed that he was without sufficient funds to make copies due to shortfalls in his inmate account, he was prevented from complying with a deadline imposed by the State Correctional Institution at Camp Hill. He has failed to "show" how this conduct hindered his efforts to pursue a legal claim or that he suffered an actual injury. <u>Iqbal</u>, 129 S Ct. at 1950

("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.' "). Lennon has failed to state a claim and his complaint will be dismissed pursuant to § 1915(e)(2)(B)(ii).[1] However, because it is conceivable that he could amend his complaint to overcome the deficiencies noted herein, he will be granted leave to move to reopen. Any such motion must be accompanied by a proposed amended complaint.

## V. Conclusion

Plaintiff's complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: August 29, 2011

---

[1] To the extent that he argues that he is entitled to have copies made, even if he was without sufficient funds, such a claim also fails. The law is well-settled that pro se inmates must pay for the expenses involved in their civil actions. This is true even if the plaintiff is proceeding in forma pauperis. In Tabron v. Grace, 6 F.3d 147, 159 (3d Cir.1993), the Court stated that "[t]here is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statue authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." See also Augustin v. New Century TRS Holding, Inc., No. O8-326, 2008 WL 5114268 (W.D.Pa. Nov. 25, 2008) (Court denied request of indigent litigant who was proceeding in forma pauperis to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON JASON LENNON, | : | CIVIL NO. 3:11-CV-1309 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPT. MR. LAWLER, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 29th day of August 2011, upon consideration of plaintiff's complaint (Doc. 1) and the motion to proceed in forma pauperis (Doc. 2), it is hereby **ORDERED** that:

1. Plaintiff's motion to proceed without full prepayment of the filing fee (Doc. 2) is GRANTED.

2. Plaintiff's complaint is hereby DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. If plaintiff can correct the deficiencies of his complaint, he may move to reopen this matter within the time period allowed by the Federal Rules of Civil Procedure and the Local Rules of Court.

4. Any proposed amended complaint shall contain the same case number that is already assigned to this action (3:11-CV-1309) and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

5. Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).[2]

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

---

[2] The Court notes that " '[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' . . . The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257–58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Lennon can correct the deficiencies of his complaint, he may file a motion to re-open in accordance with the court rules.